<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TERRANCE MITCHELL**,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**ABU ASHAN, et al.**,<br><br>　　　　　　　Defendants. | Civil Action No. 20-14428 (ZNQ) (DEA)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

　　　Plaintiff Terrance Mitchell, a convicted and sentenced prisoner at East Jersey State Prison in Rahway, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983 and state law. In a prior opinion, the Court dismissed all of Plaintiff's federal claims for failure to state a claim for relief and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (Oct. 22, 2021 Op., ECF No. 26.) Before the Court is Plaintiff's amended complaint. (Am. Compl., ECF No. 28.) For the reasons below, the Court once again dismisses all federal claims in the Amended Complaint without prejudice for failure to state a claim and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**I.　　BACKGROUND AND PROCEDURAL HISTORY**

　　　The Court set forth the facts underlying this matter at length in its October 22, 2021 Opinion and does not repeat them here. In sum, this case arises from an alleged misdiagnosis of Plaintiff's skin lesions as eczema rather than skin cancer by Defendants Dr. Abu Ashan and Nurse Practitioner Donique Ivery and subsequent alleged inadequate medical care by Defendants Drs.

Michell Borowski and Daniel Wisnewski and Nurse Practitioners Alejandra Sunicad and Carol Gallagher while Plaintiff was incarcerated. (*See generally* Am. Compl.)

On October 14, 2020, Plaintiff initiated this matter by filing a complaint with the Court. (Compl., ECF No. 1.) The Court construed the matter as asserting Eighth Amendment inadequate medical care claims brought pursuant to Section 1983 and state law claims for negligence and medical malpractice. On May 25, 2021, Defendants Ashan, Borowski, Ivery, and Gallagher moved the Court to dismiss the matter pursuant to Fed. R. Civ. P. 12(b)(6). (Mot., ECF No. 15.) On October 22, 2021, the Court issued an opinion and order granting the motion and dismissing all federal claims without prejudice for failure to state a claim for relief. (Oct. 22, 2021 Op.; Oct. 22, 2021 Order, ECF No. 27.) The Court also declined to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff has since submitted an amended complaint, which this Court now screens pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true, and

viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *See Phillips*, 515 F.3d at 233.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.    DISCUSSION

The Court construes the Amended Complaint as setting forth the same claims as the original complaint, *i.e.*, Eighth Amendment inadequate medical care claims brought pursuant to Section 1983 against each defendant and state law claims for negligence and medical malpractice. For the reasons below, however, the Amended Complaint fails to cure the deficiencies noted in the Court's October 22, 2021 Opinion.

#### A.    Inadequate Medical Care Claims

As the Court previously explained, the Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must allege facts showing (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 106.

A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). A court may also determine the seriousness of the inmate's medical need by reference to the effect of denying a particular treatment. *Id.* A condition is serious if denial of a particular treatment would cause death, degeneration, or extreme pain. *See id.*

Deliberate indifference is a "subjective standard of liability consistent with reckless as that term is defined in *criminal* law." *See Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (emphasis added). To be liable, the prison official must know of and disregard an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994). A plaintiff, therefore, must allege and plead enough factual matter to allow the court to infer reasonably that the official was subjectively aware of a substantial risk of serious harm and that the official disregarded that risk. *See id.*; *Iqbal*, 556 U.S. at 678.

Moreover, "mere disagreement as to the proper medical treatment" is insufficient to support an Eighth Amendment claim. *Lanzaro*, 834 F.2d at 346. In cases where the complaint alleges inadequate medical treatment as opposed to a complete denial or delay of medical care, courts "presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). Accordingly, in such cases, "the plaintiff must allege that the treatment violated professional standards of care, in addition to alleging that the defendant acted with the requisite state of mind [deliberate indifference] when providing that inadequate care." *McGinnis v. Hammer*, 751 F.

4

App'x 287, 290 (3d Cir. 2018) (citing *Pearson*, 850 F.3d at 535); *see Hayes v. Gilmore*, 802 F. App'x 84, 88 (3d Cir. 2020) (affirming district court's dismissal of Eighth Amendment inadequate medical care claims brought by *pro se* inmate because the inmate failed to allege the course of treatment in question fell below any professional standard of care); *Young v. Halligan*, 789 F. App'x 928, 930–31 (3d Cir. 2019) (same).

        1.    **Dr. Abu Ashan**

Turning first to the claim against Dr. Ashan, the Amended Complaint alleges that he "misdiagnosed Plaintiff[']s skin lesions as [eczema] in 2013" notwithstanding that, in 2019, "Plaintiff was told by the current medical director at EJSP . . . that the appropriate diagnosis is and should have been skin cancer 'kaposi sarcoma.'" (Am. Compl. ¶ 8.)

As this Court stated in its prior opinion:

> Plaintiff's allegation that Dr. Ashan misdiagnosed his skin lesion as eczema amounts, at most, to negligence or medical malpractice, not deliberate indifference. The Complaint fails to allege or plead sufficient facts to allow the Court to infer reasonably that Dr. Ashan knew that the skin lesion was in fact skin cancer and constituted a serious risk of harm to Plaintiff if not treated as cancer. (*See id.* ¶¶ 9–10.) Accordingly, the Complaint fails to state an inadequate medical care claim against Dr. Ashan.

(Oct. 22, 2021 Op. 8.) The Amended Complaint suffers from the same deficiency. It does not plead sufficient facts for the Court to infer reasonably that Dr. Ashan knew the skin lesions were skin cancer and constituted a substantial risk of serious harm if not treated as cancer. Accordingly, the Court dismisses the claim against Dr. Ashan without prejudice for failure to state a claim.

        2.    **Donique Ivery**

With respect to Nurse Ivery, the Amended Complaint alleges that she misdiagnosed Plaintiff's skin lesions as eczema in 2013 and "refused to perform a biopsy of lesions" on Plaintiff's back. (Am. Compl. ¶¶ 8, 14.) Instead, Nurse Ivery allegedly performed a biopsy in a

"non-lesion location that wasn't in question." (*Id.* ¶ 14.) According to the Amended Complaint, "[t]he lesions could have constituted a serious medical need" and were "confirmed to be the beginning stages of skin cancer" five years later. (*Id.*)

As stated in the Court's prior opinion, "Plaintiff's allegation that Nurse Ivery refused to perform [a] physical examination of the lesions [in question] is insufficient because the Complaint fails to allege that [she] knew that the lesions constituted a serious medical need if left untreated." (Oct. 22, 2021 Op. 8.) The same remains true here. The Amended Complaint fails to allege or plead sufficient facts for the Court to infer reasonably that Nurse Ivery knew the lesions constituted a substantial risk of serious harm if left untreated. Accordingly, the Court dismisses the claim against Nurse Ivery without prejudice for failure to state a claim.

### 3. Carol Gallagher

In the Amended Complaint, Plaintiff requests that the Court dismiss the matter against Defendant Gallagher. (Am. Compl. ¶ 16.) Accordingly, the Court dismisses Plaintiff's inadequate medical care claim against Defendant Gallagher without prejudice.

### 4. Dr. Michell Borowski

Regarding Dr. Michelle Borowski, the Amended Complaint alleges that she "allow[ed] [Plaintiff's] CD4 T-cell blood count to drop to 'zero' and the HIV virus to replicate . . . ." (Am. Compl. ¶ 7.) She also "refused to verify the underline [sic] facts of substantial risk in the Plaintiff's T-cell blood counts . . . and knew these blood counts were indicating danger to the Plaintiff . . . ." (*Id.* ¶ 11.) Further, she "fail[ed] to verify the Plaintiff's feet pain which resulted in permanent nerve damage." (*Id.*) Finally, she "knew that plaintiff was suffering from a skin condition that had only gotten worse . . . and yet the Defendant continued the same course of treatment as her co-defendants." (*Id.*)

6

These allegations are insufficient to state an inadequate care claim against her because, as alleged, she provided Plaintiff a course of treatment for his condition, and Plaintiff fails to allege or plead facts sufficient for the Court to infer that the treatment fell below professional standards of care.  *See Pearson*, 850 F.3d at 535; *McGinnis*, 751 F. App'x at 290.  Accordingly, Plaintiff fails to state an inadequate medical care claim against her.

5. **Alejandria Sunicad**

The Amended Complaint alleges that Nurse Sunicad "allow[ed] [Plaintiff's] CD4 T-cell blood count to drop to 'zero' and the HIV virus to replicate . . . ."  (Am. Compl. ¶ 7.)  She also "ignored a pattern of dangerous blood counts" notwithstanding that "the evidence of substantial risk [of serious harm] was directly in front of [her] in [the] blood test results."  (Am. Compl. ¶ 10.))  Moreover, she "treated [Plaintiff] for [eczema]" even though his "skin condition . . . consisted of symptoms far more dangerous than [eczema]" and "despite actual signs of cancer" including "hair loss . . . [and obvious] skin discoloration . . . ."  (*Id.*)

As with Plaintiff's allegations against Dr. Borowski, these allegations are insufficient to state an inadequate care claim against Nurse Sunicad because, as alleged, she provided Plaintiff medical attention for his condition, and Plaintiff fails to allege or plead facts sufficient for the Court to infer reasonably that the treatment fell below professional standards of care.  *See Pearson*, 850 F.3d at 535; *McGinnis*, 751 F. App'x at 290.  Accordingly, Plaintiff fails to state an inadequate medical care claim against Nurse Sunicad.

6. **Dr. Wisnewski**

Finally, the Amended Complaint alleges that Dr. Wisnewski "allow[ed] [Plaintiff's] CD4 T-cell blood count to drop to 'zero' and the HIV virus to replicate . . . ."  (Am. Compl. ¶ 7.)  It also alleges that Dr. Wisnewski treated Plaintiff from 2016 to 2017, and that, during that time,

7

boils on his body were not drained or cleaned, and dressings were not changed. (Am. Compl. ¶ 13.)

These allegations are insufficient to state a claim against Dr. Wisnewski. As alleged, Dr. Wisnewski treated Plaintiff, and Plaintiff fails to allege or plead facts sufficient for the Court to infer reasonably that the treatment fell below professional standards of care. *See Pearson*, 850 F.3d at 535; *McGinnis*, 751 F. App'x at 290. Accordingly, Plaintiff fails to state an inadequate medical care claim against Dr. Wisnewski.

### B. State Law Claims

The Court also construes the Amended Complaint as raising state law claims for negligence and medical malpractice. However, as the Court has already dismissed all claims for which it has original jurisdiction, and, as further explained in the Court's October 22, 2021 Opinion, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV. CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's Eighth Amendment inadequate medical care claims against the Defendants without prejudice, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate Order follows.

Date: July 20, 2023

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
