**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TERRANCE MITCHELL,

Plaintiff,

v.

DR. ABU ASHAN, *et al.*,

Defendants.

Civil Action No. 20-14428 (ZNQ)(JTQ)

**MEMORANDUM ORDER**

QUINN, United States Magistrate Judge.

This matter comes before the Court on *pro se* Plaintiff Terrance Mitchell's motion for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). ECF No. 58. For the reasons below, the Court grants Plaintiff's motion.

## I. BACKGROUND[1]

### A. Nature of the Action

Plaintiff brings this action against Defendants, Alejandrina Sumicad and Michelle Borowski (together, "Defendants"), who provided medical care to Plaintiff during his incarceration at East Jersey State Prison. Plaintiff alleges violations of his civil rights under 42 U.S.C. §1983 and asserts various state law claims, including medical malpractice and negligence. The Second Amended Complaint ("Complaint") was filed on August 2, 2023. Plaintiff subsequently filed this Motion on December 31, 2025, requesting appointment of pro bono counsel.

[1] The facts herein are taken from Plaintiff's Second Amended Complaint and do not represent any factual findings on the part of the Court.

**B. Plaintiff's Allegations**

According to the Complaint, in 2013, Plaintiff sought medical attention for lesions extending across his back. Plaintiff alleges that doctors ultimately misdiagnosed the lesions as eczema, and the lesions later developed into skin cancer that was diagnosed in 2019. *See* ECF No. 50. Plaintiff claims that Borowski, an infectious disease specialist, ignored Plaintiff's HIV diagnosis, causing Plaintiff's blood cell count to fall below healthy levels. Plaintiff also avers that Borowski failed to notify Plaintiff of his low blood cell count and failed to provide adequate medical care in treating such. Finally, when Plaintiff again requested medical attention in 2017 regarding the lesions on his back, Plaintiff claims that Borowski improperly diagnosed the lesions, prescribed an improper remedy, and failed to follow the medical protocol after the initial treatment proved inadequate. Plaintiff claims that Borowski's misdiagnosis and improper treatment persisted for two additional years, ultimately causing the misdiagnosed cancer on his back to spread internally to his digestive tract, which led to internal bleeding and medical complications. *Id.* at 9-11.

Further, Plaintiff asserts that Sumicad, a Nurse Practitioner at the prison who treated Plaintiff, failed to appropriately monitor Plaintiff's white blood cell count. According to Plaintiff, Sumicad's deliberate indifference to blood tests showing a declining white blood cell count caused Plaintiff medical injury and risk of death. *Id.* at 7-8.

**C. Relief Sought**

Plaintiff maintains that Defendants' indifference and malpractice caused Plaintiff to suffer internal bleeding, nerve damage, deterioration of his immune system, and pain and suffering. ECF No. 50. As a result of his injuries, Plaintiff seeks compensatory damages, punitive damages, and

injunctive relief in the form of compulsory HIV training for all medical personnel at the prison. *Id.* at 14.

**II. Legal Standard**

Litigants have neither a constitutional nor a statutory right to counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993). However, a litigant may petition the court, pursuant to 28 U.S.C. § 1915(e)(1), to have counsel appointed. *Id.* at 156. District courts retain discretion to appoint counsel, and, given that volunteer counsel is a limited resource, courts evaluate appointment requests carefully to ensure that such resources are allocated only to non-frivolous claims. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

In considering whether to appoint counsel, the Court must first determine whether the applicant's claims have some merit in both law and fact. *Id.* If the Court finds there is sufficient merit, it then must weigh several factors to determine whether appointing counsel is appropriate: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157. These factors are not exhaustive and merely serve as guideposts for courts to use when determining whether the appointment of counsel is proper. *Parham,* 126 F.3d at 458.

**III. Discussion**

The Court turns first to whether the present case has "arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Judge Quraishi has found that Plaintiff's case has at least threshold merit in that he permitted Plaintiff's claims against Defendants to proceed after screening pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii). *See* ECF No. 57 (Order permitting "Plaintiff's claims against Defendants Sumicad and Borowski in his second amended complaint to proceed"). Therefore, it is appropriate for the Court to weigh the *Tabron* factors to determine whether pro bono counsel should be appointed.

The first factor, Plaintiff's ability to present his own case, is measured through the applicant's literacy, education, ability to understand English, and prior work experience. *Small v. Fisher*, 2026 WL 118848, at *3 (D.N.J. Jan. 16, 2026). Specifically, courts will look beyond a plaintiff's lack of legal education and instead assess whether the plaintiff can adequately comprehend the litigation process. *See Hadden v. Hershey*, 2022 U.S. Dist. LEXIS 228485, at *6 (D.N.J. Dec. 20, 2022). While it is true that Plaintiff has effectively prosecuted his case thus far, the case has reached a point, as discussed in more detail *infra*, where the issues will become more complex. Consequently, the Court finds the first factor leans in favor of the appointment of pro bono counsel.

As for the second factor, the Court must consider the complexity of the legal issues presented and may appoint counsel where the law is unclear or difficult to comprehend. *Tabron*, 6 F.3d at 156. In assessing this factor, courts consider the complexity not only of the ultimate issue of the case "but of the proof and discovery that issue entails." *Harris v. Doctors at Newark Univ. Hosp.*, 2026 WL 248134 at *3 (D.N.J. Jan. 29, 2026). Courts have recognized that civil rights cases alleging indifference to a prisoner's medical care raise sufficiently complex legal issues to support the appointment of counsel. *See, e.g., Ali v. Univ. Corr. Health Care*, 2017 U.S. Dist. LEXIS 139323, at *18 (D.N.J. Aug. 28, 2017). This Court similarly finds that the civil rights claims asserted by Plaintiff here are sufficiently complex to support the appointment of pro bono counsel. The complicated nature of the discovery and evidence necessary to litigate Plaintiff's

medical claims further underscores that finding. Therefore, the Court finds the second factor to weigh in favor of appointing pro bono counsel.

In analyzing the third factor, the Court assesses the extent to which factual investigation will be necessary and Plaintiff's ability to pursue such investigation. Claims that may "require extensive discovery and compliance with complex discovery rules" support appointing counsel. *Tabron*, 6 F.3d at 156. When weighing this factor, it is important for the Court to recognize that incarceration may inhibit discovery and place greater weight on this factor in appointing counsel. *McGillvary v. Riez*, 2026 U.S. Dist. LEXIS 116474, at *7 (D.N.J. May 27, 2026). Here, the complexity of the medical claims, which likely require expert testimony, coupled with Plaintiff's limited ability to evaluate and interpret the relevant medical evidence, both pose significant barriers to Plaintiff's ability to fully investigate his claims. Simply put, Plaintiff's case "involve[s] complex facts and medical records that even most lawyers struggle to comprehend." *Parham*, 126 F.3d at 460. Accordingly, this factor also weighs in favor of appointing counsel.

Under the fourth factor, the Court examines whether a case is likely to turn on credibility determinations. If a case is "solely a swearing contest" and will turn on credibility determinations, this factor will weigh in favor of appointing pro bono counsel. *Parham*, 126 F.3d at 460. Here, Plaintiff's claims will rely heavily on his medical records and documentation of his medical care rather than credibility determinations. Consequently, the Court finds that the fourth factor weighs against the appointment of counsel.

In evaluating the fifth factor, the Court must consider whether the case will require expert testimony. Where a case involves medical malpractice claims with complex facts, expert testimony is necessary. *Parham*, 126 F.3d at 460. In such cases, the fifth factor will weigh heavily in favor of appointing counsel. *Id.* That plainly is the case here. Plaintiff's claims of medical malpractice,

misdiagnosis of medical conditions, and improper medical treatment while incarcerated involve complex facts and thus cannot proceed without expert medical testimony to establish the governing standard of care and any alleged breach of that standard. Therefore, the Court finds the fifth factor to weigh strongly in favor of appointing counsel.

The final factor considers Plaintiff's ability to retain and afford counsel. Plaintiff is currently incarcerated and has been granted *in forma pauperis* status by this Court. *See* ECF No. 4. As such, this factor weighs in favor of appointing pro bono counsel.

Based on the foregoing analysis, the *Tabron* factors weigh in favor of appointing pro bono counsel. In particular, the present case will require expert testimony to advance the claims Plaintiff has raised. Counsel will be essential to conducting the appropriate factual investigation and in obtaining an expert. Accordingly, the Court will direct the Clerk to assign pro bono counsel to represent Plaintiff.

**IV. Conclusion and Order**

For the reasons above, Plaintiff's motion for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) is granted.

Accordingly,

**IT IS** on this 14th day of August 2026,

**ORDERED** that Plaintiff's motion for the appointment of pro bono counsel [ECF No. 58] pursuant to 28 U.S.C. § 1915(e)(1) is GRANTED; and it is further

**ORDERED** that the Clerk of the Court is directed to select an attorney for appointment from the Civil Pro Bono Panel and notify the Court when counsel has accepted the appointment; and it is further

**ORDERED** that Plaintiff is cautioned that although the Court has granted Plaintiff's motion, there is no guarantee that an attorney will be willing to accept Plaintiff's case.

s/ *Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge

--terminates ECF No. 58